UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD BRINKLEY,<br><br>           Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>           Defendants.<br>_____/ | CASE NO.   1:09-cv-01858-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 5)<br><br>AMENDED COMPLAINT DUE AUGUST 1, 2011 |

## **SCREENING ORDER**

I.  **PROCEDURAL HISTORY**

On October 15, 2009, Plaintiff Bernard Brinkley, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 5). Plaintiff's Complaint is before the Court for screening.

II.  **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### III.  PLAINTIFF'S CLAIMS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

The events that gave rise to this Complaint took place at Coalinga State Hospital. Plaintiff identified Pam Ahlin, Executive Director and Joginder Singh, Chief Medical Officer as Defendants in this action. Both are officials at Coalinga.

Plaintiff alleges the following:

On May 13, 2008, Plaintiff underwent knee surgery. (Compl. at 9). Several days later he began physical therapy which continued until the first week of July, 2008, when the physical therapist stopped working at Coalinga. (Id. at 10). No replacement physical therapist was hired until October 2008. (Id. at 24). In the interim four months Plaintiff's physicians repeatedly ordered physical therapy. Defendant Singh was in charge of hiring a replacement physical therapist and "made no attempt to replace therapist immediately, inspite [sic] of the fact that there were a number of individuals, as well as Plaintiff, who needed the services." (Id. at 10). On October 27, 2008, Plaintiff resumed physical therapy. Coalinga records show that six physical therapy sessions, three in October and three in November, satisfied the amount of therapy prescribed by Plaintiff's physicians. Plaintiff was prescribed additional therapy sessions by December 29, 2008, and began new therapy sessions on January 29, 2009. (Id. at 24).

The Complaint alleges Eighth and Fourteenth Amendment violations. Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was abridged when the Defendants acted too slowly in hiring a replacement physical therapist while Plaintiff was in need of physical therapy. (Id. at 11). Plaintiff further alleges Due Process and Equal Protection violations. He asserts that his right to equal protection under the law was violated when he was deprived of physical therapy at Coalinga while the same medical treatment was available to patients at the other four state hospitals. (Id. at 12). Lastly, Plaintiff contends that the four month deprivation of physical therapy amounted to a punishment in violation of due process. (Id. at 13). The Court will address the merits of each claim below.

### A.   Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint specifically identifies Defendant Singh as the authority figure responsible for hiring clinical staff and asserts that he purposefully failed to do so. (Compl. at 9). However, Defendant Ahlin is only included when Plaintiff refers to both Defendants generally or when introducing Defendant Ahlin as the chief hospital administrator. There are no factual allegations specific to her with respect to either of the alleged constitutional violations.

A defendant in a § 1983 action must be individually linked to the alleged violation with some affirmative act or omission. The Court will grant Plaintiff leave to amend his complaint in this regard. In order to state a claim against Defendant Ahlin, Plaintiff needs to set forth sufficient facts showing that she <u>personally</u> took some action (or failed to take some action) that resulted in the violation of his constitutional rights. The mere fact that she may have supervised the individual responsible for a violation is not enough.

**B.    Fourteenth Amendment**

        1.    Failure to Provide Adequate Medical Care

Plaintiff alleges that Defendant Singh violated his Eighth Amendment rights by not replacing Coalinga's physical therapist more quickly, thereby failing to provide adequate

-4-

medical care.

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Therefore the Court will interpret Plaintiff's medical claim as alleging a Fourteenth Amendment violation. A determination whether Plaintiff's rights were violated requires the "balancing of his liberty interests against the relevant state interests." Id. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23.

The facts alleged in the Complaint fail to state a claim for inadequate medical care. Plaintiff's allegation that Defendant Singh deliberately refused to fill a staff vacancy while Plaintiff was in need of treatment does not satisfy the legal standard at issue, "substantial departure from accepted professional judgement", id.; there are no factual allegations to support the conclusion. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). The Court will grant Plaintiff leave to amend his claim. In order for Plaintiff to state a cognizable inadequate medical care claim he must allege facts showing that Defendant's conduct was "a substantial departure from accepted professional judgement, practice, or standards . . . ." Youngberg, 457 U.S. at 322-23.

### 2. Conditions of Confinement

Plaintiff alleges that the four month period he endured without access to physical therapy amounts to punishment in violation of Due Process. "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process . . . ." Jones

v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts. Id. at 932-33.

The Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment, Bell v. Wolfish, 441 U.S. 520, 536 (1979), within the bounds of professional discretion. Youngberg, 457 U.S. at 321-22. Moreover, "due process requires that the conditions and duration of confinement [for civilly confined persons] bear some reasonable relation to the purpose for which persons are committed." Seling v. Young, 531 U.S. 250, 265 (2001); see also Jones, 393 F.3d at 931.

Plaintiff does not state a cognizable Due Process claim. The Complaint alleges that the Defendants "condoned, encouraged and assisted others to prevent Plaintiff from getting the corrective treatment, which had been prescribed." (Compl. at 13). However, during the four month period at issue, Plaintiff was seen regularly by medical staff. (Compl. at 10). The Complaint alleges no deprivation or violation other than the absence of a physical therapist for four months. A physical therapist was eventually hired and Plaintiff's therapy promptly resumed. (Id. at 24). These facts do not show that the conditions of Plaintiff's confinement were identical to, similar to, or more restrictive than his criminal counterparts, Jones, 393 F.3d at 932-33, or that they were punishment and a product of Defendant's conduct that was beyond "the bounds of professional discretion." Bell, 441 U.S. at 536; Youngberg, 457 U.S. at 321-22.

The Court will grant Plaintiff leave to amend. In order to state a Due Process claim Plaintiff must allege that his conditions were either "identical to, similar to, or more restrictive that his criminal counterparts," or constituted punishment as a result of Defendant's conduct that was beyond "the bounds of professional discretion," or not reasonably related to the purpose for which Plaintiff is committed.

        3.    <u>Equal Protection</u>

Plaintiff claims his rights to equal protection were violated because civil detainees in the State's four other hospitals had access to a physical therapist.

1     The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class.  <u>See</u>, <u>e.g.</u>, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff has made no allegation that he is a member of a protected class or that Defendants acted on the basis of his status as a member of a protected class.  Therefore he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972); <u>Squaw Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th Cir. 2004); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.

The Complaint does not state a cognizable Equal Protection claim.  Plaintiff asserts membership in an identifiable class, that is, civil detainees who were in need of physical therapy. (Compl. at 12, 13). However, Plaintiff fails to allege that he was intentionally treated differently from others similarly situated and that a difference in treatment, if any, lacked a rational basis.  Therefore, Plaintiff has failed to state a cognizable Equal Protection claim. The members of the class that resided with Plaintiff at Coalinga shared in his four month deprivation of physical therapy and were therefore not treated differently. Those class members housed outside of Coalinga may have been treated differently, but

1  are not similarly situated because they are housed in completely different physical facilities
2  not subject to Defendant Singh's supervision. Walker v. Woodford, 454 F.Supp.2d 1007,
3  1019 (S.D. Cal. 2006). Lastly, Plaintiff failed to allege the absence of a rational basis for
4  the difference in his treatment.
5        The Court will grant Plaintiff leave to amend. In order to state a cognizable Equal
6  Protection claim, Plaintiff must allege that similarly situated individuals were intentionally
7  treated differently without a rational relationship to a legitimate state purpose.
8  **IV.     CONCLUSION AND ORDER**
9        Plaintiff's Complaint does not state a claim for relief under section 1983. The Court
10  will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d
11  1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the
12  alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-
13  49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible
14  on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also
15  demonstrate that each named Defendant personally participated in a deprivation of his
16  rights. Jones, 297 F.3d at 934.
17        Plaintiff should note that although he has been given the opportunity to amend, it
18  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir.
19  2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing
20  the deficiencies set forth above.
21        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint
22  be complete in itself without reference to any prior pleading. As a general rule, an
23  amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,
24  57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer
25  serves any function in the case. Therefore, in an amended complaint, as in an original
26  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
27  The amended complaint should be clearly and boldly titled "First Amended Complaint,"
28  refer to the appropriate case number, and be an original signed under penalty of perjury.

1  Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as
2  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
3  speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).
4      Accordingly, it is HEREBY ORDERED that:
5      1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form
6  and (2) a copy of his Complaint, filed October 15, 2009;
7      2.   Plaintiff's complaint is dismissed for failure to state a claim upon which relief
8  may be granted;
9      3.   Plaintiff shall file an amended complaint by **August 1, 2011**; and
10     4.   If Plaintiff fails to file an amended complaint in compliance with this order, this
11 action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

15 IT IS SO ORDERED.

16 Dated:   June 29, 2011            /s/ *Michael J. Seng*
   ci4d6                            UNITED STATES MAGISTRATE JUDGE