1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7
8              EASTERN DISTRICT OF CALIFORNIA
9
10
11  BERNARD BRINKLEY,                    CASE NO.    1:09-cv-01858-MJS (PC)

12                   Plaintiff,          ORDER DIRECTING PLAINTIFF TO FILE AN
                                         AMENDED COMPLAINT OR NOTIFY THE
13          v.                           COURT OF HIS DESIRE TO PROCEED
                                         ONLY ON HIS COGNIZABLE CLAIMS
14  PAM AHLIN, et al.,
                                         (ECF No. 14)
15                   Defendants.
                                         PLAINTIFF'S RESPONSE DUE WITHIN
16  _____/     THIRTY (30) DAYS

17
18              **SCREENING ORDER**

19
20  **I.     PROCEDURAL HISTORY**

21          On October 15, 2009, Plaintiff Bernard Brinkley, a civil detainee proceeding pro

22  se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF

23  No. 5).  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)

24          On June 29, 2011, Plaintiff's Complaint was screened and dismissed, with leave

25  to amend, for failure to state a cognizable claim.  (ECF No. 9.)  Plaintiff's First Amended

26  Complaint (ECF No. 14) is now before the Court for screening.

27  **II.    SCREENING REQUIREMENT**

28          Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the

1    Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion

2    thereof if it determines that the action has raised claims that are legally "frivolous or

3    malicious," "fails to state a claim upon which relief may be granted," or that seek

4    monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

5    1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been

6    paid, the court shall dismiss the case at any time if the court determines that . . . the

7    action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. §

8    1915(e)(2)(B)(ii).

9        Section 1983 "provides a cause of action for the 'deprivation of any rights,

10   privileges, or immunities secured by the Constitution and laws' of the United States."

11   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

12   Section 1983 is not itself a source of substantive rights, but merely provides a method

13   for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386,

14   393-94 (1989).

15   **III.    SUMMARY OF FIRST AMENDED COMPLAINT**

16       The First Amended Complaint identifies the following Coalinga State Hospital

17   (CSH) personnel as defendants in this action: (1) Pam Ahlin, Executive Director,

18   Department of Mental Health; (2) Joginder Singh, Chief Medical Officer; (3) Fatima

19   Lagunilla, Registered Nurse; and (4) Dominic Verzon, Registered Nurse.

20       Plaintiff alleges the following:

21       On May 13, 2008, Plaintiff underwent knee surgery and thereafter was prescribed

22   a year of physical therapy to prevent the loss of mobility and chronic pain. (Compl. at 7,

23   8.)  Plaintiff did not receive adequate physical therapy.

24       Defendant Ferrell was "assigned to Plaintiff's physical recovery program from 2007

25   through 2008 . . . [and was] suppose[d] to recommend a treatment modality, and an

26   activity when the physical therapist was unavailable." (Id. at 8, 9.)  Defendant Ferrell was

27   aware that the physical therapist was unavailable and that Plaintiff needed an alternative

28   means of physical therapy.  Defendant Ferrell "never followed up on any alternative

1    treatment as was prescribed"; instead, she told Plaintiff "it is your leg so you need to do

2    all you can to prevent any defect from occurring." (Id. at 9.)

3         Defendant Verzon was then assigned to assist Plaintiff in his recovery.  Verzon

4    told Plaintiff that "he would have to make do the best way he could" rather than Verzon

5    taking steps to personally care for Plaintiff or persuade the CSH Medical Department to

6    procure physical therapy.  (Id.)

7         Beginning in late 2008, Delaine Ferrell was assigned to work with Plaintiff on his

8    recovery.  She immediately realized how serious it was for Plaintiff to receive some 'over-

9    due' physical rehabilitation . . . ."  (Id. at 10.)  Delaine Ferrell discussed this with

10   Defendant Singh but was told that Plaintiff would have to wait until another physical

11   therapist was hired because CSH was in a budget shortfall.  Meanwhile, Plaintiff's

12   condition was becoming progressively worse. (Id.) Plaintiff went without physical therapy

13   from July 2008 to October 27, 2008.  (Id. at 13.)

14        From October 2008 through May 2, 2009, Plaintiff received physical therapy, but

15   "the sessions were nonproductive" as "the damage to the knee joint had become set" and

16   Plaintiff was then prescribed pain killers. (Id. at 10.)  The dosage was increased on July

17   2, 2009.  (Id.)  Plaintiff is still receiving pain medication.  (Id. at 11.)  Plaintiff must use a

18   wheelchair "on his worst days."  (Id. at 12.)  Plaintiff "continues to experience chronic

19   pain, occasional weakness in the joint, and the inability to completely straighten his leg."

20   (Id. at 13.)

21        Plaintiff alleges that the aforementioned conduct violated his right to adequate

22   medical care under the Eighth and Fourteenth Amendments and his Fourteenth

23   Amendment right to equal protection, and deprived him of benefits under "the Business

24   and Professions Code: Division 2 (section 1200) of the Health and Safety Code . . . ."

25   (Id. at 14-16.)

26   **IV.   ANALYSIS**

27        To state a claim under Section 1983, a plaintiff must allege two essential

28   elements: (1) that a right secured by the Constitution or laws of the United States was

1    violated and (2) that the alleged violation was committed by a person acting under the

2    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

3    Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

4         A complaint must contain "a short and plain statement of the claim showing that

5    the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

6    are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

7    by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

8    (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must

9    set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on

10   its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant

11   committed misconduct and, while factual allegations are accepted as true, legal

12   conclusions are not.  Id. at 1949-50.

13        **A.     Section 1983 Linkage Requirement**

14        Under § 1983, Plaintiff must demonstrate that each defendant personally

15   participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

16   2002).  This requires the presentation of factual allegations sufficient to state a plausible

17   claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

18   969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this

19   plausibility standard.  Id.

20        The statute clearly requires that there be an actual connection or link between the

21   actions of the defendants and the deprivation alleged to have been suffered by the

22   plaintiff.   See Monell v. Department of Social Services, 436 U.S. 658 (1978).

23   Government officials may not be held liable for the actions of their subordinates under

24   a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official

25   cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must

26   plead sufficient facts showing that the official has violated the Constitution through his

27   own individual actions.  Id. at 1948.  In other words, to state a claim for relief under §

28   1983, Plaintiff must link each named defendant with some affirmative act or omission that

-4-

1  demonstrates a violation of Plaintiff's federal rights.

2         1.  Defendant Ahlin

3      Plaintiff identifies Defendant Ahlin as the executive director at CSH but supplies

4  no facts suggesting she participated in the alleged violations.  A Defendant can not be

5  held liable in a section 1983 action based solely on his or her role as a supervisor.  Iqbal,

6  129 S.Ct. at 1948.  Despite having been advised of this deficiency as regards Defendant

7  Ahlin and of the law applicable to a proper pleading, Plaintiff has not alleged any

8  personal liability as to this Defendant.  No useful purpose would be served by inviting him

9  to amend again.

10         2.  Registered Nurses

11      Plaintiff refers to three nurses in the "IV. FACTS OF THE CASE" section of this

12  amended complaint: (1) Defendant Ferrell, (2) Defendant Dominic Verzon, and (3)

13  Delaine Ferrell.  The first two nurses are alleged to have violated Plaintiff's rights, but

14  Delaine Ferrell allegedly tried to correct the mistakes of the former two nurses.  Plaintiff

15  does not mention Fatima Lagunilla who is listed as a Defendant elsewhere in the

16  amended complaint.  Defendant Ferrell is mentioned in the factual allegations but is not

17  identified as a Defendant.  The Court can only evaluate claims against clearly identified

18  Defendants.  The Court will proceed in this regard by evaluating whether Plaintiff has

19  pled a cognizable claim against Dominic Verzon.  Plaintiff may choose to amend his

20  claims against Fatima Lagunilla and Defendant Ferrell.  To state a cognizable claim

21  against them, Plaintiff must (1) clearly identify each Defendant and (2) provide sufficient

22  facts to connect each Defendant to the violations alleged.

23     **B.**  **Fourteenth Amendment**

24      Plaintiff alleges that he was provided inadequate medical care in violation of his

25  Eighth an Fourteenth Amendment rights.

26         1.  Substantive Due Process

27      As a civil detainee, Plaintiff's right to medical care is protected by the substantive

28  component of the Due Process Clause of the Fourteenth Amendment.  See Youngberg

-5-

1   v. Romeo, 457 U.S. 307, 315 (1982).  Therefore the Court will measure Plaintiff's medical

2   care claim against the standards of the Fourteenth Amendment only, the Eighth

3   Amendment is inapplicable.  Plaintiff is "entitled to more considerate treatment and

4   conditions of confinement than criminals whose conditions of confinement are designed

5   to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457

6   U.S. at 321–22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243–44 (9th

7   Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are

8   therefore not similarly situated to those civilly committed, are afforded only those

9   protections provided by the Eighth Amendment).  Thus, to avoid liability, Defendants

10  Verzon's and Singh's decisions regarding Plaintiff's physical therapy must be supported

11  by "professional judgment." Youngberg, 457 U.S. at 321.  A defendant fails to use

12  professional judgment when his or her decision is "such a substantial departure from

13  accepted professional judgment, practice, or standards as to demonstrate that [he or she]

14  did not base [his or her] decision on such a judgment." Youngberg, 457 U.S. at 323.

15       In determining whether a defendant has met his or her constitutional obligations,

16  decisions made by the appropriate professional are entitled to a presumption of

17  correctness. Youngberg, 457 U.S. at 324.  "[T]he Constitution only requires that the

18  courts make certain that professional judgment in fact was exercised.  It is not

19  appropriate for the courts to specify which of several professionally acceptable choices

20  should have been made." Id. at 321.  Liability will be imposed only when the medical

21  decision "is such a substantial departure from accepted professional judgment, practice,

22  or standards as to demonstrate that the person responsible actually did not base the

23  decision on such a judgment." Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th

24  Cir. 1992).

25       Plaintiff alleges that Defendant Verzon was assigned to provide Plaintiff physical

26  therapy in 2008.  Defendant Verzon is alleged to have violated Plaintiff's right to

27  adequate medical care by refusing to treat Plaintiff or find Plaintiff assistance elsewhere.

28  Verzon was allegedly "aware that Plaintiff needed some immediate treatment, and [that]

-6-

1   it had been ordered by Plaintiff's surgeon." (Compl. at 9.)  Plaintiff asserts that Verzon

2   "informed Plaintiff that he would have to make do" and that he was "not willing to assist"

3   Plaintiff personally or find Plaintiff assistance.  (Id.)

4           These factual allegations support Plaintiff's claim that Defendant Verzon's conduct

5   was a substantial departure from accepted professional judgment.  Youngberg, 457 U.S.

6   at 321.  Thus, Plaintiff has stated a cognizable claim against Defendant Verzon for the

7   violation of Plaintiff's substantive due process right to adequate medical care.

8           Plaintiff further alleges that Defendant Singh violated his right to adequate medical

9   care by not providing Plaintiff with a physical therapist from July 2008 to October 27,

10  2008. (Compl. at 10, 13.)  As the Chief Medical Officer, Singh was in charge of securing

11  a physical therapist.  He allegedly cited "a budget shortfall" as the reason why he could

12  not provide Plaintiff with physical therapy as prescribed.  (Id. at 10.)  "A failure to provide

13  treatment because of a tight budget constitutes a cognizable [medical care] claim under

14  § 1983."  William v. Andreasen, 2008 WL 508073, *10 (E.D. Cal. Feb. 22, 2008) (citing

15  Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986)).

16          Under the circumstances, Plaintiff has alleged a cognizable claim for deliberate

17  indifference to a serious medical need, the Eighth Amendment "minimum" standard for

18  all individuals detained by the state; as a civil detainee, Plaintiff was entitled to an even

19  higher standard of care.  See Jones, 393 F.3d at 931.  Accordingly, the First Amended

20  Complaint states a cognizable claim against Defendant Singh for the violation of

21  Plaintiff's substantive due process right to adequate medical care.

22                          2.    Equal Protection

23          Plaintiff claims that he was deprived of equal protection under the law because he

24  was cared for differently than similarly situated civil detainees.[1]

25          The Equal Protection Clause requires that persons who are similarly situated be

26

27          [1]  Plaintiff refers to standards of care identified in the Americans with Disabilities Act (ADA) in
    asserting his equal protection claim.  (Compl. at 15.)  The Court is unable to determine how exactly the
28  ADA relates to Plaintiff's equal protection claim.

                                            -7-

1    treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).

2    An equal protection claim may be established in two ways.  First, a plaintiff establishes

3    an equal protection claim by showing that the defendant has intentionally discriminated

4    against him on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee

5    v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal

6    protection, the plaintiff must show that the defendants' actions were a result of the

7    plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens,

8    425 F.3d 1158, 1167 (9th Cir. 2005).

9         Plaintiff has made no allegation that he is a member of a protected class or that

10   Defendants acted on the basis of his status as a member of a protected class.  Therefore

11   he may only establish an equal protection claim by showing that similarly situated

12   individuals were intentionally treated differently without a rational relationship to a

13   legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San

14   Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co.

15   v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v.

16   Mineta, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this

17   theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2)

18   the plaintiff was intentionally treated differently from others similarly situated; and (3)

19   there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S.

20   at 564.

21        The First Amended Complaint does not state a cognizable Equal Protection claim.

22   Plaintiff asserts membership in an identifiable class made up of  civil detainees in the

23   mental health department.  (Compl. at 15.)  However, Plaintiff fails to adequately allege

24   that he was intentionally treated differently without a rational basis and by whom.  Plaintiff

25   alleges that "he did not receive the type of medical care similar to others who are civil

26   detainees" without explaining how exactly he was treated differently.  According to the

27   First Amended Complaint, the other class members shared in Plaintiff's deprivation

28   because no physical therapist was available at CSH.  Also, Plaintiff attributes his equal

1   protection claim to the Defendants generally without explaining how each Defendant
2   participated in the alleged violation.  Plaintiff's Equal Protection claim is dismissed without
3   leave to amend.

4        **C.   California Code Sections**

5        Plaintiff asserts that the Defendants' failure to provide adequate medical treatment
6   deprived him of benefits afforded to him "according to the Business and Professions
7   Code: Division 2 (section 1200) of the Health and Safety Code . . . ." (Compl. at 16.)
8   The Business and Professions Code and the Health and Safety Code are two separate
9   repositories of California state law, the former is not subsumed in the later.  Section 1200
10  of the Business and Professions Code states that "[e]very provision of this chapter shall
11  be liberally construed to protect the interests of all persons affected," Cal. Bus. & Prof.
12  Code § 1200, and the same section in the Health and Safety code defines a "clinic", Cal.
13  Health & Safety Code § 1200.  The Court is unable to determine what exactly Plaintiff is
14  claiming and therefore can not ascertain whether his claim is cognizable.  Plaintiff will be
15  given leave to amend.  In order to state a claim, Plaintiff must clearly identify which code
16  section or sections are being relied on, how they are applicable to Plaintiff's allegations,
17  and how they were violated.

18       If Plaintiff chooses to pursue his state law claims in his amended complaint, he
19  must demonstrate compliance with the California Tort Claims Act.  Under the California
20  Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a
21  public employee unless he has presented a written claim to the state Victim
22  Compensation and Government Claims Board within six months of accrual of the action.
23  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils.
24  Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  A plaintiff may file a written application for
25  leave to file a late claim up to one year after the cause of action accrues.  Cal. Gov't
26  Code § 911.4.  The purpose of CTCA's presentation requirement is "to provide the public
27  entity sufficient information to enable it to adequately investigate claims and to settle
28  them, if appropriate, without the expense of litigation."  City of San Jose v. Superior

1    Court, 525 P.2d 701, 706 (1974).  Thus, in pleading a state law claim, plaintiff must

2    allege facts demonstrating that he has complied with CTCA's presentation requirement.

3    State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004).  Failure to

4    demonstrate compliance constitutes a failure to state a cause of action and will result in

5    the dismissal of Plaintiff's state law claims.  Id.

6    **V.**     **CONCLUSION AND ORDER**

7         The First Amended Complaint states a claim against Defendants Verzon and

8    Singh for the violation of Plaintiff's substantive due process right to adequate medical

9    care, but does not state a claim against any of the remaining Defendants.  The Court will

10   provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies

11   identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

12   1987).

13        If Plaintiff does not wish to file an amended complaint and is agreeable to

14   proceeding only on his cognizable claims, Plaintiff may so notify the Court in writing, and

15   the Court will recommend that his other claims be dismissed.  Plaintiff will then be

16   provided with a summons and USM-285 form for completion and return.  Upon receipt

17   of the forms, the Court will direct the United States Marshal to initiate service of process

18   on Defendants Verzon and Singh.

19        If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P.

20   8(a), but must state what each named Defendant did that led to the deprivation of

21   Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49.  Although

22   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

23   above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Further,

24   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

25   amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

26   complaints).

27        Finally, an amended complaint supercedes the original complaint, Forsyth v.

28   Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

1   (9th Cir. 1987), and must be "complete in itself without reference to the prior or
2   superceded pleading."  Local Rule 220.  Therefore, "[a]ll causes of action alleged in an
3   original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814
4   F.2d at 567.

5        Based on the foregoing, it is HEREBY ORDERED that:

6        1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

7        2.    Within thirty (30) days, Plaintiff must either:

8              a.    File an amended complaint curing the deficiencies identified by the
9   Court in this order, OR

10             b.    Notify the Court in writing that he does not wish to file an amended
11  complaint and is willing to proceed only on his cognizable claims against Defendants
12  Verzon and Singh for deliberate indifference; and

13       3.    If Plaintiff fails to comply with this order, this action will be dismissed for
14  failure to obey a court order.

15

16  IT IS SO ORDERED.

17  Dated:   March 28, 2012          _____ /s/ *Michael J. Seng* _____
                                     UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28