# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD BRINKLEY, | CASE NO. 1:09-cv-01858-MJS (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIMS |
| v. | |
| PAM AHLIN, et al., | (ECF No. 14) |
| Defendants. | PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

## **SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On October 15, 2009, Plaintiff Bernard Brinkley, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 5). Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

On June 29, 2011, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 9.) Plaintiff's First Amended Complaint (ECF No. 14) is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the

Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following Coalinga State Hospital (CSH) personnel as defendants in this action: (1) Pam Ahlin, Executive Director, Department of Mental Health; (2) Joginder Singh, Chief Medical Officer; (3) Fatima Lagunilla, Registered Nurse; and (4) Dominic Verzon, Registered Nurse.

Plaintiff alleges the following:

On May 13, 2008, Plaintiff underwent knee surgery and thereafter was prescribed a year of physical therapy to prevent the loss of mobility and chronic pain. (Compl. at 7, 8.) Plaintiff did not receive adequate physical therapy.

Defendant Ferrell was "assigned to Plaintiff's physical recovery program from 2007 through 2008 . . . [and was] suppose[d] to recommend a treatment modality, and an activity when the physical therapist was unavailable." (Id. at 8, 9.) Defendant Ferrell was aware that the physical therapist was unavailable and that Plaintiff needed an alternative means of physical therapy. Defendant Ferrell "never followed up on any alternative

1  treatment as was prescribed"; instead, she told Plaintiff "it is your leg so you need to do
2  all you can to prevent any defect from occurring." (Id. at 9.)

3      Defendant Verzon was then assigned to assist Plaintiff in his recovery. Verzon
4  told Plaintiff that "he would have to make do the best way he could" rather than Verzon
5  taking steps to personally care for Plaintiff or persuade the CSH Medical Department to
6  procure physical therapy. (Id.)

7      Beginning in late 2008, Delaine Ferrell was assigned to work with Plaintiff on his
8  recovery. She immediately realized how serious it was for Plaintiff to receive some 'over-
9  due' physical rehabilitation . . . ." (Id. at 10.) Delaine Ferrell discussed this with
10 Defendant Singh but was told that Plaintiff would have to wait until another physical
11 therapist was hired because CSH was in a budget shortfall. Meanwhile, Plaintiff's
12 condition was becoming progressively worse. (Id.) Plaintiff went without physical therapy
13 from July 2008 to October 27, 2008. (Id. at 13.)

14     From October 2008 through May 2, 2009, Plaintiff received physical therapy, but
15 "the sessions were nonproductive" as "the damage to the knee joint had become set" and
16 Plaintiff was then prescribed pain killers. (Id. at 10.) The dosage was increased on July
17 2, 2009. (Id.) Plaintiff is still receiving pain medication. (Id. at 11.) Plaintiff must use a
18 wheelchair "on his worst days." (Id. at 12.) Plaintiff "continues to experience chronic
19 pain, occasional weakness in the joint, and the inability to completely straighten his leg."
20 (Id. at 13.)

21     Plaintiff alleges that the aforementioned conduct violated his right to adequate
22 medical care under the Eighth and Fourteenth Amendments and his Fourteenth
23 Amendment right to equal protection, and deprived him of benefits under "the Business
24 and Professions Code: Division 2 (section 1200) of the Health and Safety Code . . . ."
25 (Id. at 14-16.)

26 **IV.  ANALYSIS**

27     To state a claim under Section 1983, a plaintiff must allege two essential
28 elements: (1) that a right secured by the Constitution or laws of the United States was

1 violated and (2) that the alleged violation was committed by a person acting under the
2 color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda
3 Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A. Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that

demonstrates a violation of Plaintiff's federal rights.

### 1. Defendant Ahlin

Plaintiff identifies Defendant Ahlin as the executive director at CSH but supplies no facts suggesting she participated in the alleged violations. A Defendant can not be held liable in a section 1983 action based solely on his or her role as a supervisor. Iqbal, 129 S.Ct. at 1948. Despite having been advised of this deficiency as regards Defendant Ahlin and of the law applicable to a proper pleading, Plaintiff has not alleged any personal liability as to this Defendant. No useful purpose would be served by inviting him to amend again.

### 2. Registered Nurses

Plaintiff refers to three nurses in the "IV. FACTS OF THE CASE" section of this amended complaint: (1) Defendant Ferrell, (2) Defendant Dominic Verzon, and (3) Delaine Ferrell. The first two nurses are alleged to have violated Plaintiff's rights, but Delaine Ferrell allegedly tried to correct the mistakes of the former two nurses. Plaintiff does not mention Fatima Lagunilla who is listed as a Defendant elsewhere in the amended complaint. Defendant Ferrell is mentioned in the factual allegations but is not identified as a Defendant. The Court can only evaluate claims against clearly identified Defendants. The Court will proceed in this regard by evaluating whether Plaintiff has pled a cognizable claim against Dominic Verzon. Plaintiff may choose to amend his claims against Fatima Lagunilla and Defendant Ferrell. To state a cognizable claim against them, Plaintiff must (1) clearly identify each Defendant and (2) provide sufficient facts to connect each Defendant to the violations alleged.

**B. Fourteenth Amendment**

Plaintiff alleges that he was provided inadequate medical care in violation of his Eighth an Fourteenth Amendment rights.

### 1. Substantive Due Process

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg

1  v. Romeo, 457 U.S. 307, 315 (1982).  Therefore the Court will measure Plaintiff's medical
2  care claim against the standards of the Fourteenth Amendment only, the Eighth
3  Amendment is inapplicable.  Plaintiff is "entitled to more considerate treatment and
4  conditions of confinement than criminals whose conditions of confinement are designed
5  to punish."  Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457
6  U.S. at 321–22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243–44 (9th
7  Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are
8  therefore not similarly situated to those civilly committed, are afforded only those
9  protections provided by the Eighth Amendment).  Thus, to avoid liability, Defendants
10 Verzon's and Singh's decisions regarding Plaintiff's physical therapy must be supported
11 by "professional judgment."  Youngberg, 457 U.S. at 321.  A defendant fails to use
12 professional judgment when his or her decision is "such a substantial departure from
13 accepted professional judgment, practice, or standards as to demonstrate that [he or she]
14 did not base [his or her] decision on such a judgment."  Youngberg, 457 U.S. at 323.

15        In determining whether a defendant has met his or her constitutional obligations,
16 decisions made by the appropriate professional are entitled to a presumption of
17 correctness.  Youngberg, 457 U.S. at 324.  "[T]he Constitution only requires that the
18 courts make certain that professional judgment in fact was exercised.  It is not
19 appropriate for the courts to specify which of several professionally acceptable choices
20 should have been made."  Id. at 321.  Liability will be imposed only when the medical
21 decision "is such a substantial departure from accepted professional judgment, practice,
22 or standards as to demonstrate that the person responsible actually did not base the
23 decision on such a judgment."  Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th
24 Cir. 1992).

25        Plaintiff alleges that Defendant Verzon was assigned to provide Plaintiff physical
26 therapy in 2008.  Defendant Verzon is alleged to have violated Plaintiff's right to
27 adequate medical care by refusing to treat Plaintiff or find Plaintiff assistance elsewhere.
28 Verzon was allegedly "aware that Plaintiff needed some immediate treatment, and [that]

it had been ordered by Plaintiff's surgeon." (Compl. at 9.) Plaintiff asserts that Verzon "informed Plaintiff that he would have to make do" and that he was "not willing to assist" Plaintiff personally or find Plaintiff assistance. (Id.)

These factual allegations support Plaintiff's claim that Defendant Verzon's conduct was a substantial departure from accepted professional judgment. Youngberg, 457 U.S. at 321. Thus, Plaintiff has stated a cognizable claim against Defendant Verzon for the violation of Plaintiff's substantive due process right to adequate medical care.

Plaintiff further alleges that Defendant Singh violated his right to adequate medical care by not providing Plaintiff with a physical therapist from July 2008 to October 27, 2008. (Compl. at 10, 13.) As the Chief Medical Officer, Singh was in charge of securing a physical therapist. He allegedly cited "a budget shortfall" as the reason why he could not provide Plaintiff with physical therapy as prescribed. (Id. at 10.) "A failure to provide treatment because of a tight budget constitutes a cognizable [medical care] claim under § 1983." William v. Andreasen, 2008 WL 508073, *10 (E.D. Cal. Feb. 22, 2008) (citing Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986)).

Under the circumstances, Plaintiff has alleged a cognizable claim for deliberate indifference to a serious medical need, the Eighth Amendment "minimum" standard for all individuals detained by the state; as a civil detainee, Plaintiff was entitled to an even higher standard of care. See Jones, 393 F.3d at 931. Accordingly, the First Amended Complaint states a cognizable claim against Defendant Singh for the violation of Plaintiff's substantive due process right to adequate medical care.

### 2. Equal Protection

Plaintiff claims that he was deprived of equal protection under the law because he was cared for differently than similarly situated civil detainees.[1]

The Equal Protection Clause requires that persons who are similarly situated be

---

[1] Plaintiff refers to standards of care identified in the Americans with Disabilities Act (ADA) in asserting his equal protection claim. (Compl. at 15.) The Court is unable to determine how exactly the ADA relates to Plaintiff's equal protection claim.

treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff has made no allegation that he is a member of a protected class or that Defendants acted on the basis of his status as a member of a protected class. Therefore he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

The First Amended Complaint does not state a cognizable Equal Protection claim. Plaintiff asserts membership in an identifiable class made up of civil detainees in the mental health department. (Compl. at 15.) However, Plaintiff fails to adequately allege that he was intentionally treated differently without a rational basis and by whom. Plaintiff alleges that "he did not receive the type of medical care similar to others who are civil detainees" without explaining how exactly he was treated differently. According to the First Amended Complaint, the other class members shared in Plaintiff's deprivation because no physical therapist was available at CSH. Also, Plaintiff attributes his equal

protection claim to the Defendants generally without explaining how each Defendant participated in the alleged violation.  Plaintiff's Equal Protection claim is dismissed without leave to amend.

### C. California Code Sections

Plaintiff asserts that the Defendants' failure to provide adequate medical treatment deprived him of benefits afforded to him "according to the Business and Professions Code: Division 2 (section 1200) of the Health and Safety Code . . . ." (Compl. at 16.) The Business and Professions Code and the Health and Safety Code are two separate repositories of California state law, the former is not subsumed in the later.  Section 1200 of the Business and Professions Code states that "[e]very provision of this chapter shall be liberally construed to protect the interests of all persons affected,"  Cal. Bus. & Prof. Code § 1200, and the same section in the Health and Safety code defines a "clinic", Cal. Health & Safety Code § 1200.  The Court is unable to determine what exactly Plaintiff is claiming and therefore can not ascertain whether his claim is cognizable.  Plaintiff will be given leave to amend.  In order to state a claim, Plaintiff must clearly identify which code section or sections are being relied on, how they are applicable to Plaintiff's allegations, and how they were violated.

If Plaintiff chooses to pursue his state law claims in his amended complaint, he must demonstrate compliance with the California Tort Claims Act.  Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues.  Cal. Gov't Code § 911.4.  The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior

Court, 525 P.2d 701, 706 (1974). Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004). Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of Plaintiff's state law claims. Id.

## V.     CONCLUSION AND ORDER

The First Amended Complaint states a claim against Defendants Verzon and Singh for the violation of Plaintiff's substantive due process right to adequate medical care, but does not state a claim against any of the remaining Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his cognizable claims, Plaintiff may so notify the Court in writing, and the Court will recommend that his other claims be dismissed. Plaintiff will then be provided with a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Verzon and Singh.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, OR

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claims against Defendants Verzon and Singh for deliberate indifference; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   March 28, 2012           /s/ *Michael J. Seng*
                                                         UNITED STATES MAGISTRATE JUDGE