IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD BRINKLEY,<br><br>        Plaintiff,<br><br>v.<br><br>PAM AHLIN, et al.,<br><br>        Defendants. | CASE No. 1:09-cv-01858-MJS (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE OF PROCESS<br><br>(ECF No. 25)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Bernard Brinkley is a civil detainee proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 5.) This action proceeds on the Second Amended Complaint claim for inadequate medical care against Defendant Joginder Singh, Chief Medical Officer, Coalinga State Hospital. (ECF No. 19.)

On October 2, 2012, the Court ordered service upon Defendant Singh by the U.S. Marshal, and imposed a service deadline of February 4, 2013. (ECF No. 24.) Defendant Singh, however, has not been located for service despite numerous attempts by the Marshal.

Rule 4(m) provides that:

[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the [M]arshal's failure to effect service is 'automatically good cause [to extend the service deadline].' " Walker, 14 F.3d at 1422, quoting Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

After waiver of service for Defendant Singh was returned unexecuted (ECF No. 25), the Marshal contacted the California Department of Corrections and Rehabilitation ("CDCR") and was informed that Defendant Singh was "not employed at the facility [and] per special investigator at CDCR office of legal CDCR has no info[rmation] on employees of other state agencies." (Id.) The Marshal thereupon certified inability to locate this Defendant and returned process unexecuted. (Id.)

Based on this information, the Court finds that the avenues available to it to locate and serve Defendant Singh have been exhausted. Walker, 14 F.3d at 1421-22. It appears that dismissal of Defendant Singh is appropriate at this time. Since Defendant Singh is the only Defendant in this action against whom service has been ordered, the

1 action should be dismissed based on Plaintiff's failure to provide the Marshal with
2 information sufficient to effect timely service of the summons and complaint. Fed. R.
3 Civ. P. 4(m). However, the Court will provide Plaintiff with an opportunity to show cause
4 why the action should not be dismissed.

      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this Order, Plaintiff shall show cause why this action should not be dismissed without prejudice due to Plaintiff's failure to provide the U.S. Marshal with information sufficient to effect timely service of the summons and complaint; and
2. The failure to respond to this Order or the failure to show cause will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   May 21, 2013                    /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE